IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANNETTE M. SCHAFFHAUSER** and **STEVE E. SCHAFFHAUSER, JR.**, | Civil No. 1:05-CV-2075 |
| **Plaintiffs,** | CONSOLIDATED |
| v. | JUDGE SYLVIA H. RAMBO |
| **CITIBANK (SOUTH DAKOTA) N.A.,** *et al.*, | |
| **Defendants.** | |

## M E M O R A N D U M

          This case arises out of a dispute over whether Defendant, Citibank (South Dakota) N.A. ("Citibank"), violated the statutory rights of Plaintiffs Annette M. and Steve E. Schaffhauser, Jr. ("Plaintiffs" or "Schaffhausers"), while attempting to collect credit card debt.  Plaintiffs claim that Citibank was abusive in its collection practices and seek relief under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), the Pennsylvania Fair Credit Extension Uniformity Act, 73 Pa. Stat. § 2270.1 ("FCEUA"), and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. § 201-1 ("UTPCPL").  Before the court is Citibank's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  (Doc. 73.)  Citibank

argues that counts one and two, brought under the FDCPA, must be dismissed because it is a creditor and therefore not subject to the terms of that statute. (Doc. 74 at 2.) Citibank also contends that the Plaintiffs have no legal basis for asserting count three under the FCEUA and UTPCPL. (*Id.*) Because the court concludes that, as to Citibank, the Plaintiffs have failed to state a claim upon which relief may granted, the court will grant the instant motion to dismiss.

I.        **Background**

         A.        **Factual Background**[1]

Plaintiffs are husband and wife who reside in Halifax, Pennsylvania. (Doc. 69 ¶ 4.) Plaintiffs applied for, received, and made charges to their Citibank Platinum Select and Sony Citibank Platinum Select credit cards but failed to make timely payments to Citibank. Citibank is a national bank located in Sioux Falls, South Dakota. (*Id.* ¶ 5.) Citibank attempted to collect amounts due on Plaintiffs' credit card accounts from Plaintiffs. After these efforts were unsuccessful, Citibank hired the Burton Neil law firm and its lawyers to collect the debt owed by Plaintiffs.

---

[1] The court sets forth only those facts pertinent to the disposition of Citibank's motion to dismiss for failure to state a claim upon which relief may be granted.

Thereafter, the Burton Neil firm filed a civil action in Pennsylvania state court to collect this debt.  (Doc. 69 ¶ 15-16.)

### B.    Procedural History

Plaintiffs filed separate *pro se* complaints in this court against all named Defendants[2] for engaging in abusive debt collection practices, including the filing of the state court law suit.  Plaintiffs thereafter obtained counsel and Citibank moved to dismiss the complaints by Ms. Schaffhauser (Doc. 18) and Mr. Schaffhauser (Doc. 20) and for sanctions under Federal Rule of Civil Procedure 11 (Doc. 33).  Plaintiffs' counsel withdrew (Doc. 52) and their current counsel entered an appearance on their behalf (Doc. 60).  Plaintiffs filed a consolidated amended complaint on November 29, 2006.  (Doc. 69.)  Plaintiffs' amended complaint asserts three claims for relief against all Defendants for abusive debt collection practices under the FDCPA, the FCEUA, and the UTPCPL.  (*Id.*)  Citibank filed this motion to dismiss (Doc. 73) and brief in support (Doc. 74) on December 13, 2006.  Plaintiffs filed a brief in opposition on January 7, 2007.  (Doc. 86.)  Citibank filed

---

[2]    Throughout the amended complaint, the Plaintiffs use the term "defendants."  In the case at bar, there are multiple Defendants - Citibank, the Burton Neil firm, and the individual attorneys at that firm.  Plaintiffs fail to allege whether each act corresponds to an individual Defendant or to all Defendants as a group.

its reply on January 16, 2007. (Doc. 89.) On March 3, 2007, this case was transferred to the undersigned. (Doc. 104.) This matter is ripe for disposition.

**II.**     **Legal Standard: 12(b)(6) Motion to Dismiss**

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2). *Id.* at 1965; *accord, e.g., Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005). A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150

(3d Cir. 2007), viewing them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007). The court is not, however, "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quotations and citations omitted). If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss.³ *Bell Atlantic*

---

³ The effect of *Bell Atlantic* on the pleading standards under the Federal Rules of Civil Procedure remains to be seen. The Courts of Appeals to consider pleading standards at this early hour of the post-*Bell Atlantic* age appear to conclude that the case presented a different, if not higher, standard of pleading for a complaint. *See Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (*Bell Atlantic* "requir[es] a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*."); *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007) (*Bell Atlantic* and *Erickson* "suggest that courts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.").
   The Seventh Circuit, however, concluded that *Bell Atlantic* did not change the standard, except to remove the *Conley* gloss that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Airborne Beepers & Video, Inc. v. AT&T Mobility, LLC*, — F.3d —, No. 06-2949, 2007 WL 2406859, at *4 (7th Cir. Aug. 24, 2007); *EEOC v. Concentra Health Servs., Inc.*, — F.3d —, 2007 WL 2215764, at *9 (7th Cir. Aug. 3, 2007) (Flaum, J., concurring). Other Circuits may follow the Seventh, having cited to *Bell Atlantic* in the legal standard used for a motion to dismiss without exploring whether it raises the pleading bar. *See Victaulic Co. v. Tieman*, — F.3d —, No. 07-2088, 2007 WL 2389795, at *5 (3d Cir. Aug. 23, 2007); *Powell v. Barrett*, — F.3d —, No. 05-16734, 2007 WL 2386610, at *7 (11th Cir. Aug. 23, 2007); *In re Katrina Canal Breaches Litig.*, — F.3d —, No. 07-30119, 2007 WL 2200004, at *10 (5th Cir. Aug. 2, 2007); *Gregory v. Dillard's, Inc.*, 494 F.3d 694, 710 (8th Cir. 2007). For purposes of this matter, the court need not enter the fray before the Third Circuit speaks definitively.

*Corp.*, 127 S. Ct. at 1965, 1974; *Victaulic Co. v. Tieman*, — F.3d —, No. 07-2088, 2007 WL 2389795, at *5 (3d Cir. Aug. 23, 2007).

### III.     Discussion

Plaintiffs allege that Citibank used abusive debt collection practices in violation of the FDCPA, FCEUA, and UTPCPL.  The court will address the federal claims first, then the state claims.

#### A.     FDCPA

The FDCPA seeks to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  To curb these abuses, the FDCPA imposes liability for certain acts taken by "debt collectors" and "creditors."  A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted *to be owed or due another*."  § 1692a(6) (emphasis added).  A "creditor" is "any person who offers or extends credit creating a debt or to whom a debt is owed," but "*does*

*not include* any person . . . that . . . receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of *such debt for another*." § 1692a(4) (emphasis added).  Therefore, "[c]reditors who collect in their own name and whose principal business is not debt collection . . . are not subject to the Act." *Aubert v. Am. Gen. Fin., Inc.,* 137 F.3d 976, 978 (7th Cir. 1998) (cited in *Pollice v. Nat'l Tax Funding, L.P.,* 225 F.3d 379, 403 (3d Cir. 2000) (court presumed creditors generally restrain abusive collection practices to protect corporate goodwill and therefore not subject to the Act); *see also Staub v. Harris*, 626 F.2d 275, 277 (3d Cir. 1980) ("The [FDCPA] does not apply to persons or businesses collecting debts on their own behalf.").

   Despite the FDCPA's clarity regarding the distinction between creditors and debt collectors, it does provide an exception in which certain actions taken by a creditor will lead to its classification as a debt collector.  *See* § 1692a(6).  A creditor may be characterized as a debt collector if the creditor uses a name other than the creditor's own name, so as to indicate that a third party is attempting to collect a debt and create confusion.  *See id.*  When evaluating a claim that a consumer was confused as to the identity of the company collecting the debt, the Third Circuit has adopted the "least sophisticated consumer" standard.  *See Brown v. Card Serv. Center*, 464 F.3d 450, 453-54 (3d Cir. 2006).  This test evaluates

7

whether the *least sophisticated consumer* – not simply a reasonable consumer – would understand that the party collecting the debt was the same party to whom the debt was owed. *See id.* at 454.  In *Brown*, the court stated that this standard coincides with the overall purpose of the FDCPA and is geared at protecting "all consumers, the gullible as well as the shrewd." *Id.*

On the facts alleged, Citibank is a creditor, not a debt collector. Citibank extends credit to and collects debts that are owed to it by its cardholders. Here, Citibank extended credit to Plaintiffs for purchases they made using their Citibank credit cards.  After Plaintiffs failed to make timely payments, Citibank sought to collect the debt owed to it by the Plaintiffs.  Citibank is not a debt collector because it only attempted to collect the Plaintiffs' debts owed to it and never attempted to collect debts owed to a third party.  In addition, Citibank's principal business is providing credit services not debt collection.

Plaintiffs argue that Citibank has used a name other than its own and thus falls within the FDCPA's exception when Citibank used the name "Citibank (South Dakota), N.A.," to collect debts owed by the Plaintiffs, on the Plaintiffs' "Citibank Platinum Select" and "Sony CitiBank Platinum Select" credit cards.  This court determines, as have other courts, that Plaintiffs' argument fails. *See Dahlhammer v. Citibank (South Dakota) N.A.,* No. 05-CV-1749, 2006 WL 3484352

(M.D. Pa. Nov. 30, 2006); *Brown v. Citibank, South Dakota, N.A.,* No. 5:06-CV-123-FL, 2006 U.S. Dist. LEXIS 82785 (E.D.N.C. Oct. 19, 2006); *Courchene v. Citibank,* No. 06-4026-CV-C-NKL, 2006 U.S. Dist. LEXIS 53041 (W.D. Mo. Aug. 1, 2006); *Button v. GTE Serv. Corp.,* No. 96-383, 1996 U.S. Dist. LEXIS 16971, at *6 (W.D. Mich. Oct. 15, 1996) (finding correspondence naming "National Credit Management Center" was sufficiently linked to "GTE Service Corporation" – not in violation of least sophisticated consumer standard); *see also Young v. Lehigh Corp.*, No. 80 C 4376, 1989 U.S. Dist. LEXIS 11575, at *71-72 (N.D. Ill. Sept. 26, 1989) (correspondence identifying the party, "Lehigh Country Club, Inc.," as "Lehigh Corporation," insufficient to trigger exception characterizing party as debt collector under FDCPA). Here, the collection name, "Citibank (South Dakota), N.A.," as well as the credit card names, all contain the company name "Citibank." This court holds that even the least sophisticated consumer would not mistake "Citibank (South Dakota), N.A." as a third party attempting to use another name to confuse consumers. Rather, even the least sophisticated consumer would identify "Citibank (South Dakota), N.A." as the same party. Therefore, based on these facts, § 1692a(6)'s exception characterizing a creditor as debt collector does not apply.

The Plaintiffs fail to state a claim under the FDCPA upon which relief may be granted against Citibank. Accepting all factual allegations in the complaint

as true, this court determines that those facts cannot plausibly support a legal claim for relief. Having held that Citibank is a creditor, not a debt collector, Citibank is not governed by the FDCPA. Because the FDCPA is inapplicable to Citibank, there is no relief which may be granted under this claim.

### B.  State Claims

United States District Courts maintain original jurisdiction over questions of federal law. *See* 28 U.S.C. § 1331. If a plaintiff brings additional claims that do not warrant original jurisdiction, a court may have supplemental jurisdiction to hear those additional claims. *See id.* § 1367(c). A district court may decline supplemental jurisdiction over the case if it "has dismissed all claims over which it has original jurisdiction." § 1367(c)(3).

The basis for original jurisdiction here is the Plaintiffs' FDCPA claims. *See* 15 U.S.C. § 1692. The court will dismiss Plaintiffs' FDCPA claims, thus eliminating original jurisdiction. Therefore, the remaining claims are Plaintiffs' state law claims under the FCEUA and the UTPCPL. The court declines to exercise supplemental jurisdiction over these remaining state law claims.

**IV.**     **Conclusion**

For the forgoing reasons, Citibank's motion to dismiss will be granted. An appropriate order will be issued.

                                                    s/Sylvia H. Rambo

                                                    SYLVIA H. RAMBO

                                                    United States District Judge

Dated:  September 19, 2007.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANNETTE M. SCHAFFHAUSER** and **STEVE E. SCHAFFHAUSER, JR.**, | : : : : : : : : : : : | Civil No. 1:05-CV-2075  **CONSOLIDATED**  **JUDGE SYLVIA H. RAMBO** |
| **Plaintiffs**, | | |
| v. | | |
| **CITIBANK (SOUTH DAKOTA) N.A.**, *et al.*, | | |
| **Defendants.** | | |

# O R D E R

For the reasons stated in the accompanying memorandum of law, **IT IS HEREBY ORDERED** that Defendant Citibank (South Dakota) N.A.'s Motion to Dismiss (Doc. 73) is **GRANTED**, as follows:

 1) Defendant Citibank (South Dakota) N.A.'s motion to dismiss Counts I and II under the FDCPA is **GRANTED** with prejudice; and

 2) Defendant Citibank (South Dakota) N.A.'s motion to dismiss Count III under the FCEUA and UTPCPL is **DISMISSED** without prejudice.

                                                s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated: September 19, 2007.