IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANNETTE M. SCHAFFHAUSER and STEVE E. SCHAFFHAUSER, JR.,** : <br> : <br> **Plaintiffs** : <br> : <br> v. : <br> : <br> **CITIBANK (SOUTH DAKOTA) N.A.,** *et al.*, : <br> : <br> **Defendants** : | **Civil No. 1:05-CV-2075** <br><br> **CONSOLIDATED** <br><br> **JUDGE SYLVIA H. RAMBO** |

# M E M O R A N D U M

## I. Introduction

Before the court is Defendant Citibank (South Dakota) N.A.'s motion for sanctions pursuant to Federal Rule of Civil Procedure 11 against Plaintiffs Steve E. Schaffhauser, Jr. and Annette M. Schaffhauser, and their attorneys, David Brady and Douglas R. Goldhaber. The motion will be granted.

## II. Procedural History

On October 12, 2005, Plaintiff Annette Schaffhauser instituted a civil action against Citibank and others docketed to number 05-CV-2075 (M.D. Pa.). On October 31, 2005, Plaintiff Steve Schaffhauser instituted a civil action against Citibank and others docketed to number 05-CV-2230 (M.D. Pa.). The two cases were consolidated by order dated February 17, 2006 to the earlier case number. Initially the complaints were filed *pro se*. On December 5, 2005, attorney David Brady entered an appearance for Annette Schaffhauser and, on or about February 17, 2006, entered an appearance for Steve Schaffhauser. David Brady withdrew his appearance on September 9, 2006. Attorney Douglas Goldhaber entered his appearance for Plaintiffs on October 30, 2006.

Plaintiffs allege causes of action against Citibank under the Fair Debt Collections Practices Act, Title 15 U.S.C. § 1692, *et seq.*, the Pennsylvania Fair Credit Extension Uniformity Act, 73 Pa. Cons. Stat. § 2270, *et seq.*, and the Pennsylvania Unfair Trade Practice and Consumer Protection Law, 73 Pa. Cons. Stat. § 201-1, *et seq.*

Citibank filed a motion to dismiss which was subsequently granted on September 19, 2007. In the interim, Citibank filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11 on June 2, 2006. Briefing and supplemental authorities followed. On November 29, 2006, an amended complaint was filed. On December 13, 2006, a motion to dismiss the amended complaint was filed by Citibank. On January 7, 2007, a renewed motion for sanctions was filed by Citibank. Attorney David Brady responded to the renewed motion for sanctions.[1] On March 27, 2007, Judge Conner, who was originally assigned to this case, recused himself and the case was reassigned to the undersigned judge.

On April 2, 2007, this court issued an order granting Plaintiffs and attorney Goldhaber an opportunity to respond to the renewed motion for sanctions. To date, no response to the renewed motion for sanctions has been filed by those individuals.

## III. Discussion

Plaintiffs are credit card debtors who brought this federal action after being sued in a state court collection action. This is one of similar suits brought across the country against Citibank. In these cases, the courts have held that

---

[1] Citibank, in reply to the response of Brady, has indicated it does not seek sanctions against Brady from the date of his withdrawal from this action but continues to seek sanctions up until that time.

2

Citibank is not subject to the Fair Debt Collections Practices Act. (*See* Citibank's Brief in Supp. of Mot. for Sanctions, Exs. A-X; doc. 81-85.)

Citibank filed a motion to dismiss which set forth the defects in Plaintiffs' complaints. Citibank also served on Plaintiffs a Rule 11 motion on May 1, 2006. After the 21 day "safe harbor" period passed, the motion for sanctions was filed on May 1, 2006. While these motions were pending, and before Plaintiffs filed their amended complaint, Annette Schaffhauser filed another complaint which was docketed to number 06-CV-2024. That complaint raised the same Fair Debt Collections Practices Act issue.

Citibank brings its renewed motion for sanctions pursuant to Federal Rule of Civil Procedure 11(b), which states:

> **(b) Representations to Court.** By signing, presenting, or pursuing a pleading, written motion, or other paper filed with or submitted to the court, an attorney or unrepresented party is certifying to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances,* –
> **(1)** it is not being presented or maintained for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> **(2)** the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> **(3)** the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(Emphasis added.)

If Plaintiffs and their counsel had conducted a reasonable investigation, they would have learned that Citibank, as a creditor, is not subject to the Fair Debt

Collections Practices Act.  In fact, the motion for sanctions and the motion to dismiss provided Plaintiffs and their counsel with a plethora of cases holding this legal conclusion.

Plaintiffs argue that Citibank could lose its creditor status by hiring CCSI to service its accounts or by using Burton Neil & Associates to collect accounts or by using any other collection agency.  CCSI is an affiliate of Citibank.  Under the Fair Debt Collections Practices Act, affiliates of a creditor are excluded from the definition of "debt collector."  15 U.S.C. § 1692a(6)(B).  Additionally, as to Burton Neil & Associates, hiring a debt collector does not effect creditor status.  *See Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000).

Plaintiffs argue that they should be excused from sanctions because of their original *pro se* status.  In this circuit, *pro se* litigants are bound by Rule 11.  *Abdul-Akbar v. Watson*, 901 F.2d 329, 344 n.2 (3d Cir. 1990).  Furthermore. Even with being put on notice by the filing of the motion for sanctions and the motion to dismiss, Plaintiff Annette Schaffhauser proceeded to file another complaint in another action pursuing a similar claim; nor was the complaint withdrawn when counsel entered an appearance.

Attorney Brady has argued that he should not be sanctioned before he has had a full opportunity to argue for the "extension, modification, or reversal of existing law or the establishment of new law."  Fed. R. Civ. P. 11(b)(2).  This argument only appears for the first time in attorney Brady's answer to the renewed motion for Rule 11 sanctions.  Nowhere in the pleadings does this argument appear.  It is a frivolous argument.

Brady further argues that to sanction him would cause a "chilling effect" upon the rights of individual citizens, acting as private attorneys general, to

seek and obtain representation of counsel. In *Eastway Construction Corp. v. City of New York*, 762 F.2d 243 (2d Cir. 1985), the court stated,

> . . . we do not intend to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law. Vital changes have been wrought by those members of the bar who have dared to challenge the received wisdom, and a rule that penalized such innovation and industry would run counter to our notions of the common law itself. . . . But where it is potentially clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify, or reverse the law as it stands, Rule 11 has been violated.

*Id.* at 253-54. Such is the case *sub judice*.

The pleadings filed in this case are not supported by the facts and/or the law. Even after being aware of the case law pertinent to this action , Plaintiffs and their counsel failed to withdraw the complaint and persisted in pursuing their frivolous claim. Such action can be considered as improper litigation, harassment, delaying tactics and a purpose to cause Citibank to incur unnecessary costs and fees. An appropriate order will be issued.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: November 8, 2007.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANNETTE M. SCHAFFHAUSER and STEVE E. SCHAFFHAUSER, JR.,** : <br> **Plaintiffs** : <br> v. : <br> **CITIBANK (SOUTH DAKOTA) N.A.,** *et al.*, : <br> **Defendants** : | **Civil No. 1:05-CV-2075** <br><br> **CONSOLIDATED** <br><br> **JUDGE SYLVIA H. RAMBO** |

# O R D E R

For the reasons stated in the accompanying memorandum of law, **IT IS HEREBY ORDERED** that:

1) Defendant Citibank's motion for sanctions is granted against Plaintiffs Annette M. Schaffhauser and Steve E. Schaffhauser and attorneys David S. Brady and Douglas R. Goldhaber.

2) No later than November 15, 2007, Citibank shall file with this court evidence in support of its costs and fees related to the defense of the captioned action. Citibank shall file with said evidence affidavits setting forth th education, professional experience, and customary hourly rate for all persons for whom fees are requested.

                                                   s/Sylvia H. Rambo
                                                   SYLVIA H. RAMBO
                                                   United States District Judge

Dated: November 8, 2007.