IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANNETTE M. SCHAFFHAUSER** and **STEVE SCHAFFHAUSER,** | : No. 1:05-CV-02075 |
| **Plaintiffs** | : **JUDGE SYLVIA H. RAMBO** |
| v. | : |
| **BURTON NEIL & ASSOCIATES, P.C., BURTON NEIL, ESQ., EDWARD J. O'BRIEN, ESQ., JAY H. PRESSMAN, ESQ., and YALE D. WEINSTEIN, ESQ.,** | : |
| **Defendants** | : |

## **M E M O R A N D U M**

Plaintiffs Annette and Steve Schaffhauser filed suit against Defendant Burton Neil & Associates, P.C. ("Firm"), and its employees, Defendants Burton Neil, Esq., Yale D. Weinstein, Esq., Edward J. O'Brien, Esq., and Jay H. Pressman, Esq. Plaintiffs allege violation of the federal Fair Debt Collection Practices Act ("FDCPA"); the federal Racketeer Influenced and Corrupt Organization provisions of the Organized Crime Control Act ("RICO"), and the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), and common law mail fraud. Defendants have moved for summary judgment on all counts. Because the court finds that Plaintiffs' complaint was filed after the statute of limitations for their claims under the FDCPA had terminated, summary judgment will be granted for Defendants on that issue. Defendants will be granted summary judgment on the RICO claim because Plaintiffs failed to show any evidence in support thereof. Judgment being appropriate on the issues providing this court with original jurisdiction, the court will decline to

exercise supplemental jurisdiction over the state law claims and those claims will be dismissed without discussion. *See* 28 U.S.C. § 1367(c)(3).

I.       **Background**

   A.    **Facts**

   The following undisputed[1] facts are the only facts of record pertinent to disposition of this motion for summary judgment. In 1998, Ms. Schaffhauser applied for and received a credit card with Citibank (South Dakota) N.A. ("Citibank"). In 1999, Mr. Schaffhauser applied for and received a credit card with Citibank. Both Plaintiffs charged purchases to their respective cards, but did not pay the balances. On January 24, 2001, Neil sent a letter to Mr. Schaffhauser in an attempt to collect the debt accrued on his Citibank credit card. On June 4, 2001 and August 24, 2001, Neil sent letters to Mr. Schaffhauser with settlement offers. The offer bore no fruit, thus on August 27, 2001, Neil filed a lawsuit in the Court of Common Pleas for Dauphin County, Pennsylvania, on behalf of Citibank and against Mr. Schaffhauser for the debt he owed. On June 26, 2007, judgment was entered against Mr. Schaffhauser.

   On January 31, 2001, Neil sent a letter to Ms. Schaffhauser in an attempt to collect the debt she owed to Citibank. On March 19, 2001, Defendant Neil filed a lawsuit in the Court of Common Pleas for Dauphin County,

---

[1] Plaintiffs "dispute" or "deny" certain facts stated in Defendants' statement of material fact by citing to the amended complaint, to approximately sixteen pages of Ms. Schaffhauser's deposition, or to documents that do not appear in the record. Much of Plaintiffs' purported counterstatement of material fact is comprised of bare allegations without record support. *See* Loc. R. 56.1. Because the court has not been presented with evidence that contradicts or conflicts with the testimonial and documentary evidence provided by Defendants, Plaintiffs are deemed to admit Defendants' statement of material facts as relevant to the disposition of this motion.

Pennsylvania, on behalf of Citibank and against Ms. Schaffhauser for the debt she owed. On October 9, 2007, judgment was entered against Ms. Schaffhauser.

Defendants Ed O'Brien and Yale Weinstein, also attorneys with the Firm, participated in the course of correspondence and litigation of Citibank's claims against the Schaffhausers. Defendant Jay Pressman, another attorney with the Firm, did not play a role in the Schaffhauser cases.

### B. Procedural History

Ms. Schaffhauser filed a civil action in this court on October 12, 2005 (Doc. 1.) Mr. Schaffhauser filed a separate civil suit on October 31, 2005 (Doc. 1, No. 1:05-CV-2203.) On February 17, 2006, this court granted Defendants' motion to consolidate her case with Mr. Schaffhauser's. (Doc. 16.) Plaintiffs filed a joint amended complaint against all Defendants on November 29, 2006. (Doc. 69.) Defendants filed a timely answer. (Doc. 72.) After discovery, various motions for sanctions, and reassignment of this case to the undersigned, Defendants moved for summary judgment on January 14, 2008, with an appropriate statement of material facts and supporting brief. (Docs. 123-25.) Plaintiffs filed a brief in opposition to the motion and a counterstatement of material facts on February 11, 2008. (Docs. 132-33.) Defendants filed their reply brief on February 25, 2008 (Doc. 135), thus this motion is ripe for disposition.

## II. Legal Standard – Summary Judgment

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. *Id.* The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. *Saldana*, 260 F.3d at 232.

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* (internal quotations omitted); *see also Saldana*, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989)).

### III.       Discussion

#### 1.       FDCPA

The Fair Debt Collection Practices Act exists to provide a measure of protection for consumer debtors from abusive and harassing collection practices. 15 U.S.C. § 1692. Section 1692k(d) of the FDCPA provides that an "action to enforce any liability created by [the FDCPA] may be brought . . . within one year from the date on which the violation occurs." An alleged violation within a collection letter occurs on the date that the letter is sent by the debt collector. *E.g.*, *Mattson v. U.S. West Commc'ns, Inc.*, 967 F.2d 259, 261 (8th Cir. 1992). An alleged violation arising out of a lawsuit filed to collect on a debt occurs either on the date the lawsuit is filed, *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997), or on the date that the complaint is served upon the plaintiff, *Johnson v. Riddle*, 305 F.3d 1107, 1113 (10th Cir. 2002). The course of litigation is not, in itself, a "continuing violation" of the FDCPA. *Nutter v. Messerli & Kramer, P.A.*, 500 F. Supp. 2d 1219, 1223 (D. Minn. 2007); *see Joseph v. J.J. MacIntyre Co., L.L.C.*, 281 F. Supp. 2d 1156, 1160 (N.D. Cal. 2003); *Sierra v. Foster & Garbus*, 48 F. Supp. 2d 393, 395 (S.D.N.Y. 1999). As the *Nutter* court explained,

> the statements [made during litigation by defendant attorneys] based on the status of the debt are all new communications concerning an old claim. The statements . . . relate back to [the creditor's] assertion that the debt remained outstanding. [The creditor] made this claim and the plaintiffs had notice of it by . . . the date by which [the creditor] initiated lawsuits . . . .

500 F. Supp. 2d at 1223. For conduct during litigation to be actionable, a plaintiff must allege, and on summary judgment offer proof, that the conduct is a violation of the FDCPA independent of the act of filing suit. *Id.* Only then may conduct during litigation be pursued during its own one-year statute of limitations. *See id.*

5

Here, the last pre-lawsuit communication of record to either Plaintiff was on August 24, 2001. The civil complaint against Ms. Schaffhauser in the Dauphin County Court of Common Pleas was filed on March 19, 2001. The civil complaint against Mr. Schaffhauser in the Dauphin County Court of Common Pleas was filed on August 27, 2001. The Schaffhausers did not file suit under the FDCPA until October 2005, long after the expiration of the statute of limitations on a claim arising from correspondence or the filing of suit.

The Schaffhausers allege in their amended complaint and argue in their brief in opposition that communications sent to the Schaffhausers either by the Court of Common Pleas or by Defendants during the state court litigation against them constituted independent violations of the FDCPA. Plaintiffs failed to recommend the court to any documents or testimony that support these assertions. On the information contained in Plaintiffs' brief, however, the court must conclude that these communications relate back to the claim made when Defendants filed suit. They were communications that ordinarily occur in the course of litigation and are not independently actionable under the FDCPA.

Moreover, Plaintiffs' arguments regarding an alleged initial communication letter to Mr. Schaffhauser on February 25, 2005, and subsequent communications, are not supported by record evidence. It is evident that Plaintiffs' counsel "cut and pasted" allegations from their amended complaint directly into their brief in opposition. The time for simple pleading has long passed. Because the Schaffhausers offer no proof that their FDCPA complaint was timely filed, Defendants will be granted summary judgment on this issue.

### B.  RICO

Defendants moved for summary judgment on Plaintiffs' RICO claim. Plaintiffs did not brief the issue. Upon Defendants' assertion that the record lacked evidence to support such a claim, Plaintiffs failed to come forward with any such evidence. *See* Fed. R. Civ. P. 56(c). Any more substantive discussion on this issue would give undue credence to this meritless allegation. Defendants will be granted summary judgment on this issue.

### IV.  Conclusion

For the foregoing reasons, summary judgment will be granted for Defendants on the claims arising under the FDCPA and RICO. This court had original jurisdiction over this matter by virtue of these federal claims. Having granted judgment thereon, this court may decline to exercise supplemental jurisdiction over the remaining state claims. 28 U.S.C. § 1367(c)(3). The court will so decline. Accordingly, the state law claims will be dismissed without prejudice. An appropriate order will issue.

                                           s/Sylvia H. Rambo
                                           SYLVIA H. RAMBO
                                           United States District Judge

Dated: March 27, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANNETTE M. SCHAFFHAUSER** and **STEVE SCHAFFHAUSER,** : **Plaintiffs** : v. : **BURTON NEIL & ASSOCIATES, P.C., BURTON NEIL, ESQ., EDWARD J. O'BRIEN, ESQ., JAY H. PRESSMAN, ESQ., and YALE D. WEINSTEIN, ESQ.,** : **Defendants** : | No. 1:05-CV-02075  **JUDGE SYLVIA H. RAMBO** |

## O R D E R

In accordance with the foregoing memorandum of law, **IT IS HEREBY ORDERED THAT** Defendants' motion for summary judgment (Doc. 123) is **GRANTED** in part and **DENIED** in part. The motion is **GRANTED** in favor of Defendants and against Plaintiffs as to Plaintiffs' claims under the Fair Debt Collection Practices Act and the Racketeer Influenced and Corrupt Organization provisions of the Organized Crime Control Act. The motion is **DENIED** as to Plaintiffs' state law claims, all of which are **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court shall defer the entry of judgment until the conclusion of this case.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: March 27, 2008.